UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| SHARON BRIDGEWATER,<br><br>    Plaintiff,<br><br>    vs.<br><br>SHAWN BANKSON, et al.,<br><br>    Defendants. | Case No: C 09-3639 SBA<br><br>**ORDER DENYING IFP STATUS AND DISMISSING COMPLAINTS PURSUANT TO 28 U.S.C. § 1915(e)**<br><br>[Docket No. 3] |
| SHARON BRIDGEWATER,<br><br>    Plaintiff,<br><br>    vs.<br><br>HAYES VALLEY LIMITED PARTNERSHIP, et al.,<br><br>    Defendants. | Case No: C 09-5663 SBA<br><br>[Docket No. 7] |

    Plaintiff Sharon Bridgewater ("Plaintiff") has two actions currently pending before this Court. The first action, Case No. 09-3639, was filed on August 8, 2009, assigned to Magistrate Judge Zimmerman, and reassigned to this Court on November 23, 2009. On December 10, 2009, Plaintiff filed an amended complaint as a matter of right. (Case No. 09-3639, Docket No. 10.) The second action, Case No. 09-5663, was filed on December 1, 2009. On December 10, 2009, Plaintiff also filed an amended complaint as a matter of right in that case. (Case No. 09-5663, Docket No. 11.) Plaintiff has filed a request in each action to proceed in forma pauperis ("IFP"). Because the

Court finds that Plaintiff's Complaints in both actions fail to state any federal claims, the Court, pursuant to 28 U.S.C. § 1915(e), hereby DISMISSES the Complaints.

## I. BACKGROUND[1]

Plaintiff in this case receives Section 8 housing assistance from the U.S. Department of Housing and Urban Development[2] ("HUD") and Supplemental Security Income ("SSI") for a disability. The Defendants in Case No. 09-05663 are the owners and managers of Plaintiff's former housing, on 427 Page Street in San Francisco, California (hereinafter, "Property Defendants"). The Property Defendants instituted an unlawful detainer case in San Francisco County Superior Court against Plaintiff in April of 2006.[3] Defendants in Case No. 09-3639 include the law firm and attorneys who represented the Property Defendants in the unlawful detainer case (hereinafter, "Legal Defendants").

The unlawful detainer case brought against Plaintiff by Property Defendants in April of 2006 was for delinquent rent payments. On May 11, 2006, the Court entered a stipulation for entry of judgment and dismissal in that action, allegedly signed by Plaintiff and Property Defendants. (Plaintiff would later allege the stipulation was not signed or authorized by her.) The terms of the stipulation included the timing under which Plaintiff would reimburse Property Defendants for the rent owed, court costs and attorneys fees, totaling $2,674.00. The stipulated order also divested Plaintiff of the right to notice and a hearing prior to eviction if Plaintiff failed to meet the terms of the stipulated judgment.

---

[1] The following facts are taken from the allegations in Plaintiff's pleadings and attached exhibits. However, as described below, there are discrepancies between Plaintiff's Complaints in the instant matter and other lawsuits filed by Plaintiff, which ostensibly describe the same set of factual events.

[2] See 42 U.S.C. § 1437f (2003).

[3] Case No. CUD 06-617995.

In December of 2007, a judgment was entered against Plaintiff for failure to comply with the repayment terms of the stipulated judgment. Plaintiff petitioned the Court to vacate the judgment, based on the allegedly unauthorized signature on the May 11, 2006 stipulation. On January 22, 2008, the Court issued an order vacating the May 11, 2006, stipulated judgment. As a result, the unlawful detainer litigation was resumed.  On February 19, 2008, Plaintiff and the Property Defendants engaged in a mandatory settlement conference, where Plaintiff alleges Property Defendants and their lawyers, the Legal Defendants, took advantage of Plaintiff's emotional and mental distress and used undue influence to force her to enter into a stipulated judgment. Pursuant to the terms of the February 19, 2008, stipulated judgment, Plaintiff would move out of the property and Property Defendants would waive all past due rent, attorney's fees, and costs.  Plaintiff alleges that due to the emotional and mental stress of the litigation, Plaintiff moved to Hawaii and was rendered homeless until she moved back to California and obtained housing in June of 2009.

Based on the events described above, Plaintiff has filed a total of six lawsuits.  Plaintiff filed two lawsuits in San Francisco County Superior Court based on personal injury and contract claims.[4] Both of those cases were dismissed.  Plaintiff has filed a total of four cases in the Northern District of California, including the instant two.  The first case, filed December 17, 2008, was against the Property Defendants and assigned to Judge Patel.  See Bridgewater v. Hayes Valley Limited Partnership, et al., No. 08-05622, MHP.  Judge Patel denied the IFP motion, and dismissed the complaint because Plaintiff failed to establish subject matter jurisdiction.  (Case No. 08-05622, Docket 10.)  Judge Patel dismissed the case without prejudice so that Plaintiff could pursue her actions in state court.

---

[4] Case Nos. CGC 08-478207 and CGC 09-486994.

- 3 -

Plaintiff filed the second federal case on August 3, 2009, again against the Property Defendants.  See Bridgewater v. Hayes Valley Limited Partnership, et al., No. 09-03551, PJH.  Judge Hamilton granted Plaintiff's Motion to Proceed IFP, but dismissed the complaint for failure to state a federal claim under 28 U.S.C. § 1915(e).  (Case No. 09-3551 Docket 11.)  All of Plaintiff's federal claims were either time-barred or lacked subject matter jurisdiction.  Judge Hamilton dismissed the complaint with prejudice as to the federal claims for failure to establish subject matter jurisdiction, and without prejudice as to the state claims.

In the two instant actions before this Court, Plaintiff alleges the Property and Legal Defendants engaged in a conspiracy to deny her Seventh Amendment right to a jury trial and brings her claims pursuant to 42 U.S.C. § 1983. Additionally, Plaintiff brings the following claims based upon alleged violations of state laws; malicious prosecution, conspiracy to commit malicious prosecution, aiding and abetting common law malicious prosecution, conspiracy, wrongful eviction, retaliatory eviction, intentional misrepresentation and concealment of known facts, intentional infliction of emotional distress, conspiracy to inflict intentional emotional distress, negligent infliction of emotional distress, negligence (gross) and fraud.

Plaintiff's Seventh Amendment claims against the Property Defendants allege they (1) actually denied Plaintiff the right to a jury trial and (2) conspired with Legal Defendants to deny Plaintiff this right.  Plaintiff's three Seventh Amendment claims against the Legal Defendants are for (1) actually denying her right to a jury trial, (2) conspiracy to deny her a jury trial, and (3) aiding and abetting to deprive her of a jury trial. Based upon the aforementioned allegations, Plaintiff seeks damages in the amount of $107,006,100 (one hundred and seven million, six thousand and one hundred dollars).

II.     **LEGAL STANDARD**

A court may authorize a plaintiff to file an action in federal court without prepayment of fees or security if the plaintiff submits an affidavit showing that he or she is unable to pay such fees

1  or give security therefor.  28 U.S.C. § 1915(a), See Floyd v. United States Postal Service, 105 F.3d
2  274, 275-276 (6th Cir. 1997), Leonard v. Lacy, 88 F.3d 181, 183 (2nd Cir. 1996).  The Supreme
3  Court has held that an IFP application is sufficient where a person provides an affidavit stating that
4  because of her poverty, she cannot "pay or give security for the costs" of a suit.  Adkins v. E.I. Du
5  Pont De Nemours & Co, 335 U.S. 331, 339 (1948).
6       When a complaint is filed IFP, it must be dismissed prior to service of process if it is
7  frivolous or malicious, fails to state a claim, or seeks monetary damages from Defendants who are
8  immune from suit.  28 U.S.C. § 1915(e)(2); see also Franklin v. Murphy, 745 F.2d 1221, 1226-
9  1227 (9th Cir. 1984).  A complaint is frivolous for purposes of § 1915(e) if it lacks any arguable
10 basis in fact or in law.  Neitzke v. Williams, 490 U.S. 319, 328-30 (1989).  A complaint lacks an
11 arguable basis in law only if controlling authority requires a finding that the facts alleged fail to
12 establish an arguable claim.  Guti v. INS, 908 F.2d 495, 496 (9th Cir. 1990).
13      When a complaint is dismissed under § 1915(e), the Plaintiff should be given leave to
14 amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of
15 the complaint that the deficiencies could not be cured by amendment.  Cato v. United States, 70
16 F.3d 1103, 1106 (9th Cir. 1995).

**III.  DISCUSSION**

    **A.   IFP STATUS**

In both cases before the Court, Plaintiff's applications to proceed IFP attempt to show that she is unable to pay for court costs.  (Case No. 09-05663, Docket 7; Case No. 09-03639, Docket 3.) In the Legal Defendants case, Plaintiff's original IFP application was considered incomplete by Magistrate Judge Zimmerman due to inconsistencies between Plaintiff's net income and her total expenses; Plaintiff stated she received $805 net income, and had $1600 in total expenses.  (Case No. 09-03639, Docket 3.)  Magistrate Judge Zimmerman issued an Order on October 30, 2009 requiring Plaintiff  "to either file an amended application or pay the filing fee of $350.00 and proceed accordingly," by no later than November 23, 2009. (Case No. 09-03639, Docket 8 at 2:4-

5.) Furthermore, the Order warned Plaintiff that if she failed to obey the Court's directions, her action could result in the dismissal of her case. (Id. at 2:5-7.)

Plaintiff filed an amended application on December 10, 2009, and then filed a second amended application on December 14, 2009.  (Case No. 09-03639, Docket Nos. 18, 23.)  Plaintiff's amended applications are untimely and suffer from the same defect as the original: they fail to clearly state her actual expenses.  Plaintiff states her income from SSI is approximately $760.   The first amended application only includes her rent as part of her monthly expenses, which she claims is $1,200 before she receives rental assistance from HUD.  Plaintiff's second amended application states her monthly expenses, including rent, food, clothing, and utilities, total $1,700, before HUD assistance. Neither application specifies how much assistance she receives from HUD or appears to give a consistent statement of her expenses.

Plaintiff's IFP application in the Property Defendants case is also inconsistent with what Plaintiff provides in the Legal Defendants case.  Plaintiff states her income as $760 and her expenses, limited to rent and food, as $350.  Plaintiff fails to give a consistent or adequate statement of her finances, consequently, and in accordance with Magistrate Judge Zimmerman's Order, the Court DENIES Plaintiff's requests for IFP status in both actions.

**B.     PLAINTIFF FAILS TO STATE A CLAIM UNDER 28 U.S.C. § 1915**(e)

Plaintiff brings the Seventh Amendment claims against the Property and Legal Defendants under 42 U.S.C. § 1983, alleging both sets of Defendants conspired to and denied her right to a jury trial in the unlawful detainer action.  Because the Seventh Amendment claims alleged in both Complaints are based upon the same set of underlying facts, and are subject to the same analysis, the Court will address them together. Plaintiff's Seventh Amendment claims fail for three reasons.

First, while the U.S. Constitution's Seventh Amendment protects the right of federal litigants to a jury trial, the amendment has never been incorporated to the states through the Fourteenth Amendment.  94 Am. Jur. 2d *Trials* § 200 (1964), Minneapolis & St. Louis R. Co. v. Bombolis, 241 U.S. 211, 217-218 (1916).  "While the Seventh Amendment governs federal court

proceedings, it does not regulate civil proceedings in state court." Id.  Therefore, Plaintiff cannot use the Seventh Amendment to argue the Defendants in either case denied her right to a jury trial, or conspired to deny her this right, as the alleged denial in question occurred in the state court unlawful detainer case.

Second, to prevail on a civil rights action under § 1983, a Plaintiff must show that she was deprived of a federal right by a person acting under color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988) (claims under § 1983 must be brought against a state actor; it is an essential requirement for claims under § 1983.) Despite Plaintiff's conclusory allegations that the Property and Legal Defendants are operating under the color of state law, neither the Property or Legal Defendants can be considered state actors. Property Defendants are private partnerships and corporations, acting only on behalf of themselves and their interests.  Attorneys (the Legal Defendants), are not state actors when they are conducting their normal duties of representing clients before the courts.  Miranda v. Clark County, 319 F.3d 465, 468 (9th Cir. 2003) (en banc). Thus, there are no government actors or agents present in this case and Plaintiff's § 1983 claims, predicated on Seventh Amendment violations, fail as a matter of law.

Third, federal courts lack subject matter jurisdiction to review final state court adjudications and must not consider constitutional claims that are "inextricably intertwined with the state court's decision in a judicial proceeding." District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 483, n. 16 (1983).  This rule applies even if such inextricably intertwined claims were not raised in state court. Id.; see also Olson Farms, Inc. v. Barbosa, 134 F.3d 933, 937 (9th Cir. 1998).  A losing party in state court is "barred from seeking what in substance would be appellate review of the state judgment in a United States District Court, based on the losing party's claim that the state judgment itself violates the loser's federal rights."  Johnson v. DeGrandy, 512 U.S. 997, 1005-06 (1994).

After the entry of the February 19, 2008 stipulation of judgment in the state court unlawful detainer action, Plaintiff attempted to have the judgment vacated on several grounds, including that it violated her Fifth and Fourteenth Amendment rights to due process.  The state court denied her request on September 1, 2009.  The state court's denial of Plaintiff's request and its decision to

uphold the judgment and dismissal clearly contemplate a final resolution on the matter, including any other affirmative defenses that Plaintiff could have brought in connection with that action. Plaintiff may not now seek redress in district court.  <u>Olson</u>, 134 F.3d at 937.

## IV. CONCLUSION

For the reasons discussed above, the Court finds that Plaintiff fails to state a 42 U.S.C. § 1983 claim, and that no amendment could cure the deficiencies. Therefore, pursuant to 28 U.S.C. § 1915(e), the Court DISMISSES Plaintiff's federal claims in each action with prejudice. The Court declines to exercise jurisdiction over the state law claims, <u>see</u> 28 U.S.C. § 1367(c), and those claims are dismissed without prejudice.

Accordingly, the Court DISMISSES the Complaint in both actions.  This order is to be filed in both cases.

IT IS SO ORDERED.

Dated: _1/18/10                                                          _____
                                                                                              SAUNDRA BROWN ARMSTRONG
                                                                                              United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

BRIDGEWATER et al,

      Plaintiff,

  v.

BANKSON et al,

      Defendant.
                                       /

Case Number: CV09-03639 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on January 19, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Sharon Bridgewater
12070 W. Outer Drive
Detroit, MI 48232

Dated: January 19, 2010

                                  Richard W. Wieking, Clerk
                                                      By:
                                  LISA R CLARK, Deputy Clerk